IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Walter Coleman, *et al*., on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>  vs.<br><br>Burger King Corporation,<br><br>       Defendant. | Case No.: 1:22-cv-20925-RKA |

**PLAINTIFFS' OPPOSITION TO DEFENDANT BURGER KING CORPORATION'S MOTION FOR SANCTIONS FOR PLAINTIFFS' VIOLATIONS OF FEDERAL RULE OF CIVIL PROCEDURE 11(B)**

  Defendant's motion for sanctions is without merit. For the reasons set forth below, as well as in Plaintiffs' Opposition To Defendant Burger King Corporation's Motion To Dismiss Plaintiffs' Second Amended Complaint Pursuant To Fed. R. Civ. P. 12(B)(6), ECF No. 73, which is incorporated fully herein and on which Plaintiffs rely, Plaintiffs respectfully request that the Court deny Defendant's motion for sanctions.

  The basis for Defendant's motion for sanctions is that Plaintiff's only provided a snippet of the Whopper image on Burger King's website and failed to disclose that it also stated under the image that it contained ¼ pound patty, based on pre-cooked weight. However, Plaintiffs used the photograph of the Whopper on Burger King's website to mostly show what the photograph at Burger King's store menu ordering boards looked like. Most of the Plaintiffs, which Defendant admits, purchased their Whoppers based on the menu ordering board in the drive-through. The

drive-through menu ordering boards do not contain any disclosure that the Whopper contained a ¼ pound patty based on precooked weight.

Defendant also argues that Plaintiffs should be sanctioned because a sworn declaration from its advertising agency conclusively proves that Defendant uses the same patties in the challenged photographs that are served to customers. However, if it is the same patty served to all customers, with the same weight, and it is Burger King's policy that food stylists must use the same ingredients provided to customers, Defendant's evidence does not explain how the Whopper patty seemingly doubled in size from its 2017 advertisement to its new challenged advertisement when there was no change in the recipe for the Whopper.

Further, Defendant offers nothing to explain the material difference in the size of the patties shown in store menu ordering boards and the patties that customers receive. Indeed, an expert food critic called out Burger King on its advertisements for the Big King, stating that the advertisement makes it seem like the Big King has two pounds of beef. (ECF No. 69, ¶ 14.) Defendant does not dispute that the Big King only contains ¼ pound of beef (or two, 2-ounce beef patties), that is a more than 100% difference in the beef as advertised when compared to the actual amount. Tellingly, Defendant refuses to produce any communications or a single email with its advertising agency concerning the challenged photographs for the Whopper and Big King.

Defendant also argues that Plaintiffs should be sanctioned because discovery has proven that the challenged photographs are not uniform photographs, that franchisees could have used many other photographs for its store-menu ordering boards, and Plaintiffs have not adequately alleged which photographs they viewed. However, Defendant cites no evidence to support this argument. In discovery, and in its motion for sanctions, Defendant produces various random coupons containing different looking Whoppers as evidence that the challenged photograph of the

Whopper is not uniform on all store menu ordering boards. However, this does not show that Burger King's store menu ordering boards may have had different photographs of the Whopper. Also, there is no indication as to when the coupons were used in the marketplace or if they were ever used. Moreover, Defendant does not argue that photographs for its Big King sandwich are not uniform on all of Burger King's store menu ordering boards. Defendant also refuses to produce any communications with its franchises concerning which photographs were displayed on the store menu-ordering boards during the relevant time period.

In addition, Plaintiffs have submitted evidence in support of their motion for class certification, which Defendant ignores, showing that the same challenged photograph of the Whopper was uniform at all major food delivery services and at various Burger King drive-through locations. Plaintiffs fully incorporate herein and request that the Court take judicial notice of the evidence Plaintiffs have submitted in further support of their motion for class certification. (ECF No. 52.) Tellingly, Defendant fails to counter said evidence and has instead filed an objection requesting that the Court strike said evidence as inadmissible. (ECF No. 54.)

Plaintiffs have alleged in the Second Amended Class Action Complaint ("SAC") that, at the time of their purchase, they expected the burgers that they purchased to be similar in size to the pictures of the burgers in Burger King's advertisements and on Burger King's store menu ordering board. (ECF No. 69, ¶¶ 32-50.) Plaintiffs also alleged that the images of the menu items pictured on Burger King's website were the same images used in Burger King's store menu ordering boards. *Id*. at ¶¶ 4-12. Plaintiffs also alleged that they "purchased an Overstated Menu Item based on Defendant's false and misleading representations." *Id*. at ¶¶ 79, 92, 106, 120, 135, 149, 163, 178, 192, 205, 218. Although Defendant argues that discovery has shown that most of the Plaintiffs made their purchases in the drive-through, and that Plaintiffs should be sanctioned

for failing to disclose said fact in the SAC, Defendant fails to provide any evidence to suggest that there is a difference between the menu boards inside the store and the menu boards in the drive-through.

Burger King's argument that Plaintiffs should be sanctioned because none of the Plaintiffs allege to have seen the pre-2017 advertisement for the Whopper is also without merit. Plaintiffs have only cited the pre-2017 advertisement as objective evidence that the Whopper patty doubled in size from one advertisement to the other. This is objective evidence of Burger King's deceptive advertising and evidence to help prove that the actual Whopper patties are also half the size as advertised.

Defendant's motion for sanctions is a red herring. Defendant fails to show that any of Plaintiffs' allegations are false or frivolous. Indeed, Defendant should be sanctioned by the Court for needlessly multiplying motion practice.

For these reasons, and because Plaintiffs have adequately stated their claims in the SAC, the Court should deny Defendant's motion for sanctions.

Dated: November 2, 2023

/s/ Anthony J. Russo
Anthony J. Russo, Jr., P.A.
d/b/a The Russo Firm
301 West Atlantic Avenue, Suite 0-2
Delray Beach, FL 33444
T: 844-847-8300
E: anthony@therussofirm.com

Mark Anthony Panzavecchia
Panzavecchia & Associates, PLLC
1000 Franklin Ave., Suite 204
Garden City, NY 11530
T: 516-965-2854
E: mark@panzavecchialaw.com

James C. Kelly (admitted pro hac vice)
The Law Office of James C. Kelly

244 5th Avenue, Suite K-278
New York, New York 10001
T: 212-920-5042
E: jkelly@jckellylaw.com

*Co-counsel for Plaintiffs
and the proposed class*