UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-20925-RKA

WALTER COLEMAN, *et al.,* on behalf of
themselves and all others similarly situated,

    Plaintiffs,

v.

BURGER KING CORPORATION,

    Defendant.

**PARTIES' RESPONSES TO ORDER TO SHOW CAUSE**

On December 1, 2025, the Court entered a paperless Order to Show Cause directing Plaintiffs and Defendant Burger King Corporation ("BKC") to advise the Court how, or if, this case should proceed following the Court's denial of class certification on November 25, 2025. The parties conferred and did not agree. Accordingly, this document reflects the parties' respective responses to the Court's inquiry.

**<u>Plaintiffs' Position</u>**

Plaintiffs do not oppose the Court's inclination to dismiss the remaining state-law claims without prejudice for lack of subject matter jurisdiction. Plaintiffs further confirm they do not intend to seek an interlocutory appeal of the class certification order.

Plaintiffs vehemently dispute BKC's characterization of the record, the merits of the case, and the conduct of counsel set forth below. Plaintiffs maintained this action in good faith based on substantial evidence—including the material differences between BKC's advertisements and the actual products sold—and survived two motions to dismiss on the merits. BKC's position ignores the Court's inherent authority to manage its docket and dismiss claims that do not meet the amount-in-controversy requirement of § 1332(a) once the class vehicle is removed. Accordingly, Plaintiffs

submit that the Court's indicated dismissal is the appropriate course to conserve judicial resources and avoid further unnecessary litigation over nominal individual claims.

### BKC's Position

In a case where federal subject-matter jurisdiction over state law claims attached pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), federal jurisdiction survives a subsequent denial of class certification. *See Wright Transportation, Inc. v. Pilot Corp.*, 841 F.3d 1266, 1271-73 (11th Cir. 2016) ("Here, no one disputes that all eight claims were properly pleaded as CAFA claims. Thus, the District Court had original jurisdiction over all eight claims, and that jurisdiction continues to survive even after later events meant there would be no class."); *see also, e.g.*, *Kress Stores of Puerto Rico, Inc. v. Wal-Mart Puerto Rico, Inc.*, 121 F.4th 228, 236 (1st Cir. 2024) ("Consistent with [CAFA's] statutory text, we agree with the uniform rule among the circuits. If jurisdiction is otherwise proper under CAFA when the action is filed in or removed to federal court, district courts retain CAFA jurisdiction after denying a motion for class certification.").[1] Any dismissal of Plaintiffs' individual claims, therefore, must be <u>with prejudice</u>, as an adjudication of the merits. The Court then can address what it termed the "extremely serious" matter of whether Plaintiffs' counsel engaged in sanctionable misconduct by vexatiously prolonging this litigation long after it should have been apparent to them that their factual and legal contentions lacked merit. *See* Dkt. No. 91 (Paperless Order denying sanctions motion without prejudice, dated July 3, 2025).

Plaintiffs filed this action on March 28, 2022, alleging on behalf of a putative nationwide class that when Burger King® restaurants displayed photos of the Whopper® and other menu items featuring a flame-grilled beef patty, those photographs used larger beef patties than the quarter-pound patties Burger King restaurants serve to guests who order the Whopper. As BKC explained in its Renewed Motion for Sanctions (Dkt. No. 90), Plaintiffs knew, no later than when BKC submitted its opposition to Plaintiffs' Motion for Class Certification on December 28, 2022 (*see* Dkt. No. 48), that their contentions were false. BKC provided Plaintiffs and the Court with incontestable and uncontested proof that (1) its written instructions to its photographic agency

---

[1] BKC advised Plaintiffs' counsel of this controlling case law during their meet-and-confer discussions and asked whether Plaintiffs' counsel knew of <u>any</u> Eleventh Circuit case law that would allow the Court to dismiss their claims without prejudice. Plaintiffs' counsel provided none.

2

required the agency to use only the same hamburger patties and buns sourced from Burger King® restaurant suppliers, and (2) the agency followed that instruction, using exactly the same beef patties in BKC's marketing photos that Burger King® restaurants serve to guests.  *See* Dkt. No. 49-1. Yet Plaintiffs' counsel, without any good-faith basis to do so, repleaded their false claim in a Second Amended Complaint ("SAC") filed on September 14, 2023.

Just as importantly, Plaintiffs' counsel knew, or should have known, well before filing their motion for class certification, that they had no good-faith basis to seek class treatment.  Not only had BKC produced proof of the falsity of Plaintiffs' core factual claim (*see* Dkt. No. 37), but BKC also demonstrated that—as the Court later found in its denial of class certification—that "[t]he number of different advertisements BKC disseminated over the class period—coupled with the lack of common evidence about where and when any specific advertisement was displayed . . . strongly suggests that individual issues predominate in this case." Dkt. No. 93 at 15.

From the time BKC produced this evidence until Plaintiffs moved for class certification on December 21, 2022, Plaintiffs' counsel did literally <u>nothing</u> to advance this case.[2]  On December 6, 2022—just one day before the Court's long-fixed deadline for Plaintiffs to seek class certification—Plaintiffs' counsel sought an extension, which BKC immediately opposed.  *See* Dkt. Nos. 36-37.  The Court granted them only until December 21.  *See* Dkt. No. 43.  Plaintiffs' counsel proceeded to file a motion that did not even attempt to carry their burden in numerous key respects. And, as the Court noted in its opinion denying certification, Plaintiffs admitted during a status conference on June 2, 2025, that they had no further basis to seek certification than what they submitted 30 months earlier.  *See* Dkt. No. 93 at 3, *quoting* Dkt. No. 92 (Hearing Transcript) at 4. Yet Plaintiffs' motion, as the Court held, "utterly failed to meet their burden of showing that common issues of law predominate," providing "just one sentence" regarding legal predominance. *Id.* at 8-9; *see also id.* at 10 ("The Plaintiffs don't even pretend to analyze the various states' contract laws."); *id.* at 12 (same as to state unjust enrichment laws).  The Court also found that

---

[2] As the Court held in its opinion denying class certification, "Plaintiffs have had plenty of time to resolve any outstanding discovery disputes with the Defendant," but "fail[ed] to seek court intervention on any such non-production." Dkt. No. 93 at 17 n.6.  Plaintiffs had no basis to seek court intervention because BKC met its discovery obligations. Plaintiffs' problem was that BKC's discovery conclusively disproved their case.

3

Plaintiffs' arguments as to predominance of common <u>fact</u> issues fell well short of carrying their burden. *See, e.g., id.* at 17 (Plaintiffs' "cherry-picked" evidence "*doesn't* establish that all (or even most) class members were exposed" to the same advertisements, and "Plaintiffs haven't introduced (or described how they would go about introducing) any class-wide evidence to show that BKC's advertisements *actually* overstated the size of their burgers.") (emphases in original).

Plaintiffs' counsel insisted that this Court adjudicate motions long after they knew, or should have known, that this case had no merit. Their actions cost BKC hundreds of thousands of dollars of legal fees. The Court has ample basis to impose sanctions. Under no circumstances should the Court reward Plaintiffs' counsel by dismissing Plaintiffs' claims without prejudice, and Plaintiffs cannot dismiss their case unilaterally pursuant to Fed. R. Civ. P. 41 because BKC has filed its Answer to Plaintiffs' SAC. *See* Dkt. No. 84.

In discussions regarding this response to the Court's Order to Show Cause, BKC offered Plaintiffs' counsel a reasonable off-ramp: simply admit that BKC proved the falsity of Plaintiffs' "oversized patty" claim. In exchange, BKC would consent to a with-prejudice dismissal and not further pursue its request for sanctions. Plaintiffs refused. This has left BKC no choice but to raise again the need for sanctions. But BKC has not withdrawn its offer to accept a with-prejudice dismissal, and to desist from seeking sanctions, if Plaintiffs will acknowledge that BKC proved the falsity of their claim.

Respectfully submitted,

Dated: December 4, 2025

By: /s/ *Anthony J. Russo Jr.*
Anthony J. Russo, Jr.
THE RUSSO FIRM
1001 Yamato Road, Suite 106
Boca Raton, FL 33431
Tel: (844) 847-8300
anthony@therussofirm.com

*Counsel for Plaintiffs*

4

5

                                  By: /s/ *Jeffrey S. Jacobson*
                                  Jeffrey S. Jacobson (pro hac vice)
                                  Faegre Drinker Biddle & Reath LLP
                                  1177 Avenue of the Americas
                                  New York, NY 10036
                                  Tel: (212) 248-3191
                                  NY State Bar No. 2925097
                                  jeffrey.jacobson@dbr.com

                                  By: /s/ *Michael D. Joblove*
                                  Michael D. Joblove
                                  VENABLE LLP
                                  801 Brickell Ave, Suite 1500
                                  Miami, Florida 33131
                                  Tel: (305) 349-2300
                                  mjoblove@venable.com

                                  *Counsel for Defendant*